IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE,
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 1:11-cv-150 |
| | ) | Collier/Carter |
| MICHAEL HERZBERG | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT and RECOMMENDATION

The United States seeks judgment in the amount of $222,074.83 on its claim brought against Michael Herzberg for failure to repay his student loans. The United States' motion for default judgment [Doc. 6] is before the undersigned Magistrate Judge having been referred for a report and recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Default was entered in this case against defendant Michael Herzberg on August 25, 2011, after he failed to respond to the complaint.

The granting of a motion for default judgment is "at all times left within the sound discretion of the court." *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55). Courts have recognized, however, that "[i]t is fundamental that not all injuries are legally compensable; a tenet which may not be bypassed simply because a party fails to respond to a complaint. Thus, among the considerations a court is to employ when determining the propriety of entering a judgment by default is whether there exists a sufficient basis in the pleading for the judgment's entry; or similarly, whether a viable cause of action is alleged." *Id.* (citations omitted).

1

Accordingly, the U.S. Court of Appeals for the Sixth Circuit has decided that courts should exercise their given discretion in favor of denying a motion for default judgment when the plaintiff's complaint fails to state a claim upon which relief can be granted. *Bailey v. Harrison*, 107 F.3d 870, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997); *In re Cook*, 342 B.R. 384, 2006 WL 908600, at *3 (B.A.P. 6th Cir. Apr. 3, 2006) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55); *see also Parks v. Conley*, 178 F.3d 1295, 1999 WL 195740, at *2 (6th Cir. Mar. 23, 1999) (denying motion for default judgment and granting summary judgment in favor of the opposing party); *Starr v. Corley*, 662 F. Supp. 219, 220 (N.D. Ohio 1987). In determining whether the complaint states a claim, the court should accept as true all well-pleaded allegations, except those relating to the amount of damages. *Cook*, 2006 WL 908600, at *3.

In this case, the government alleges Herzberg executed a promissory note to secure loans authorized under Title VI-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 *et seq.* (34 C.F.R. Part 682), and has defaulted on those loans. "To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default." *United States v. Petroff-Kline,* 557 F.3d 285, 290 (6th Cir. 2009) (citations omitted).

The government attached to the complaint a copy of the promissory note which appears to have been signed by Michael D. Herzberg. [*See* Doc. 1-2.] The United States also attached to the complaint a Certificate of Indebtedness prepared by a loan analyst and signed under penalty of perjury pursuant to 28 U.S.C. § 1746(2). The Certificate of Indebtedness provides the following:

> On or about 04/01/94, the borrower executed a promissory note to secure a
> Federal Family Education Loan Program Consolidation loan from SallieMae,

2

Merrifield, VA. This loan was disbursed for $81,586.00 on 10/21/94, at 9.00 percent interest per annum. The loan obligation was guaranteed by ILLINOIS STUDENT ASSISTANCE COMMISSION, and then reinsured by the Department of Education under loan guaranty programs authorized under Title *N-B* of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.P.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 09/24/96, and the holder filed a claim on the loan guarantee. Due to this default, the guaranty agency paid a claim in the amount of $98,123.91 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.P.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 11/23/09, assigned its right and title to the loan to the Department. Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

Principal:   $98,123.91
Interest:    $123,950.92

Total debt as of 02/28/11 : $222,074.83

Interest accrues on the principal shown here at the rate of $24.18 per day.

(Certificate of Indebtedness, Exhibit B to Complaint, Doc. 1-3.) The government establishes the second and third elements of an action to recover on a promissory note when a loan analyst certifies under penalty of perjury that a borrower defaulted on the loan and the loan was assigned to the United States. *United States v. Davis*, 28 F. Appx. 502, 503 (6th Cir. 2002); *see also United States v. Simrin*, 2008 WL 4210799 *1 (E.D. Tenn. Sept. 11, 2008) ("The federal government may only collect on student loan debt by establishing a prima facie case. The federal government meets this burden 'if it introduces the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst' into evidence.") (quoting *Guillermety v. U.S. Dep't of Educ.*, 341 F.Supp.2d 682, 684-88 (E.D.Mich.2003)).

3

Given the allegations in the complaint and the documents attached to it, *i.e.*, the promissory note and the Certificate of Indebtedness, I conclude the United States has adequately pled a claim to recover on a promissory note for default on a student loan.

Once a default is entered, entry of default judgment for the amount and costs against defendant without further proof of damages is proper if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. Fed. R. Civ. P. 55(a); *Citizens Bank v. Parnes,* 376 Fed. Appx. 496, 506 (6th Cir. May 4, 2010)*; Hernandez v. Detroit-Wayne County Community Mental Agency*, 2011 WL 5995260 *1 (E. D. Mich. October 21, 2011). However, while "[p]roof of damages ordinarily requires an evidentiary hearing in which the defendant may contest the amount, … a hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages.") *Broadcast Music v. Marler*, 2009 WL 3785878 * 5 (E.D. Tenn. Nov. 12, 2009) (citing *LeFarge N. Am. Inc. v. Wells Group, Inc*., 2009 WL 2601854, at *5 (E.D. Tenn. Aug. 24, 2009)).

In the instant case, the Certificate of Indebtedness prepared by the loan analyst and attached to the complaint adequately sets forth the damages, *i.e.,* the principal and interest due on the promissory note. *See United States v. Baker*, Docket No. 3:08-cv-374, 2009 WL 1407018 (E.D. Tenn. May 19, 2009) (memorandum opinion granting summary judgment and holding the United States is entitled to the specified amount of principal and interest owed on a student loan based on the loan analyst's declaration made under penalty of perjury) and *United States v. Baker*, Docket No. 3:08-cv-374 (E.D. Tenn. May 19, 2009) (judgment order).

Finally, there are also several procedural requirements which a plaintiff must satisfy before default judgment can be entered in the plaintiff's favor. First, the plaintiff must properly serve the defendant with process. *Broadcast Music v. Marler*, 2009 WL3785878 *4 (E.D. Tenn.

Nov. 12, 2009) (citing *Virgin Records America, Inc. v. Bagan,* 2009 WL 2170153 (D.N.J. Jul.21, 2009)).

Second, "the plaintiff must fulfill the procedural obligations of Fed.R.Civ.P. 55. Specifically, the plaintiff must first seek entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint." *BroadcastMusic,* 2009 WL3785878 at *4, (citing *Keesh Construction, Inc. v. United States,* No. 1:02-CV-899, 2004 WL 2536840, *1 n. 1 (S.D.Ohio Sep.28, 2004)). "Once the clerk has entered a default, the moving party may then seek entry of a default judgment. ... If the plaintiff's claim is for a sum certain, default judgment will be entered by the clerk, but if damages are uncertain or other relief is sought, the plaintiff must apply to the Court for default judgment." *BroadcastMusic,* 2009 WL3785878 at *4, (citing Fed.R.Civ.P. 55(b) and *Keesh Construction, Inc.*, 2004 WL 2536840, at*1 n. 1.)

Third, if the defendant has entered an appearance, then the defendant must be served with notice at least three days before the hearing. *BroadcastMusic,* 2009 WL3785878 at *4, Fed.R.Civ.P. 55(b)(2); *Virgin Records,* 2009 WL 2170153, at *1. A waiver of service does not constitute an appearance for purposes of Fed. R. Civ. P. 55. *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 938 (5th Cir. 1999); *Sylvester, Ruud, Petrie & Cruzen v. Halpern*, 967 F.2d 591 (9th Cir. June 25, 1991) (Table); *Exim, Inc. v. Innogarant, LLC*, 2011 WL 240130 *3 (S.D.N.Y. Jan. 19, 2011).

Fourth, "the plaintiff must submit an affidavit stating that the defendant is not an infant or incompetent person." *Broadcast Music,* 2009 WL3785878 at *4; *Ross v. Baker,* 2006 U.S. Dist LEXIS 77216 (W.D.Mich. Oct. 23, 2006) (citing Fed.R.Civ.P. 55(b)); *Disney Enters. v. Farmer,* 427 F.Supp.2d 807, 815 (E.D.Tenn.2006)).

5

Fifth, and finally,

> the plaintiff must submit an affidavit stating whether the defendant is in military service, or if plaintiff is unable to determine whether the defendant is in military service, stating so. Servicemembers Civil Relief Act ("SCRA") § 201(b), 50 U.S.C. app. § 521(b)(1). The SCRA affidavit is a prerequisite to the entry of a default judgment. *Merrill v. Beard,* 2007 WL 461469, at *3 (N.D.Ohio Feb.7, 2007). The affidavit must include more than a "bare assertion" based "upon information and belief," but must set forth specific facts establishing the plaintiff's efforts to determine whether the defendant is in military service. *Chanel, Inc. v. Adeyemi,* 2009 WL 2590640, at *2 (D.Ariz. Aug.21, 2009) (citing *United States v. Simmons,* 508 F.Supp. 552, 552 n. 1 (D.Tenn.1980)).

*Broadcast Music,* 2009 WL3785878 at *4.

I **FIND** the United States has fulfilled these requirements. Defendant waived service of process [Doc. 3] pursuant to Fed. R. Civ. P. 4(d)(1) which has the same effect as if defendant had been served with process. *See* Fed. R. Civ. P. 4(d)(4). As defendant has not responded to the complaint or entered an appearance of any kind, the notice requirement in Fed.R.Civ.P. 55(b) is not triggered. The United States has also submitted proof that defendant is not an infant or incompetent and is not in military service [*See* Doc. 4-1].

Accordingly, for the reasons stated herein, it is RECOMMENDED[1] that default judgment be entered in favor of the United States and against Michael D. Herzberg as follows:

| | |
|---|---|
| Principal: | $98,123.91 |
| Interest: | $123,950.92 |
| Sum | $222,074.83 |

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(a). Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

In addition, the United States shall also be awarded interest at the rate of $24.18 per day on the principal[2] which accrues from March 1, 2011 until the date that judgment is entered. After judgment is entered, interest shall accrue at the legal rate. Costs shall be taxed to the defendant.

        S /*William B. Mitchell Carter*
        UNITED STATES MAGISTRATE JUDGE

---

[2] Interest at the rate of $24.18 per day is based on interest on the principal accruing beginning February 28, 2011 at the rate of 9% per annum. (AUSA William J. Monahan's Declaration in Support of Motion for Default Judgment; Doc. 6-1). The 9% interest rate is fixed in the promissory note on page 1, paragraph 1. (Doc. 1-2; Page ID # 5).