UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11-CV-150 |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| MICHAEL HERZBERG, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM IN SUPPORT OF
### MOTION TO COMPEL POST-JUDGMENT DISCOVERY

The United States of America, by and through William C. Killian, United States Attorney for the Eastern District of Tennessee, submits this memorandum in support of its motion pursuant to Rules 37 and 69, Federal Rules of Civil Procedure, for an order compelling Defendant to respond to post-judgment discovery requests served on Defendant.

### BACKGROUND

On February 15, 2012, judgment was entered in the above-styled case against Defendant in the total amount of $222,074.83 plus interest and surcharge. Since the entry of the judgment, Defendant has not made any payments toward satisfaction of the judgment debt. (*See* Declaration of Suzanne H. Bauknight ("Bauknight Decl."), filed contemporaneously herewith, ¶ 2.) As part of its further efforts to collect the judgment debt, the United States served on Defendant on April 13, 2012, post-judgment discovery requests in the form of United States' First Interrogatories in Aid of Execution and United States' First Requests for Production in Aid of Execution. (Bauknight Decl., ¶ 3.) On June 6, 2012, the United States informed Defendant of

the United States' intent to move to compel the responses if necessary and again served a copy of the discovery requests on Defendant. (Bauknight Decl., ¶ 4.) Defendant has wholly failed to respond to any of such discovery requests. (Bauknight Decl., ¶ 6.)

**ARGUMENT**

Parties have the right to conduct discovery both before and after a judgment is entered. *Credit Lyonnais v. SGC International, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998); *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967); *United States v. Neumann*, No. CIV. A. 86-0034-F, 1999 WL 156151 (D. Mass. Mar. 5, 1999). A judgment creditor is specifically authorized by Rule 69(a), Federal Rules of Civil Procedure, to seek post-judgment discovery in aid of execution on the judgment. *Id.* The United States, therefore, is entitled to discover Defendant's assets and any fraudulent transfers that may be set aside for execution to satisfy the judgment.

"The scope of post-judgment discovery under the Federal Rules is very broad . . . [and it is] beyond question that a judgment creditor is allowed to ask a judgment debtor for asset and financial information relating to the debtor's spouse or other family members." *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Van Waeyenberghe*, 148 F.R.D. 256, 256-257 (N.D. Ind. 1993); *see also Credit Lyonnais*, 160 F.3d at 430; *Neumann*, 1999 WL 156151, at *1. "The presumption should be in favor of full discovery of any matters arguably related to the [creditor's] efforts to trace [the debtor's] assets and otherwise to enforce its judgment." *Credit Lyonnais*, 160 F.3d at 431. The interrogatories and requests for production propounded by the United States in this case are clearly relevant to locating assets that may be subject to execution and are reasonably calculated to lead to the discovery of such assets.

2

Pursuant to Rule 37(a)(3), Federal Rules of Civil Procedure, if a party fails to fully respond to relevant discovery requests, the discovering party may move for an order compelling such discovery responses.  Notably, Defendant not only has failed to respond to the discovery requested but also has failed to raise any objections to such requests.  Any objection not timely made is waived.  *See* Fed. R. Civ. P. 33(b)(4).  Because Defendant has neither responded nor timely objected to such discovery requests, the Court should enter an order compelling Defendant to comply promptly and fully with the discovery requests.

When a motion for an order to compel discovery is granted, "the court shall . . . require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A).   Accordingly, because Defendant has failed and refused to submit any responses to the discovery propounded, forcing the United States to move for an order compelling such discovery, the United States also seeks an award of the reasonable expenses it has incurred in the making of this motion, including reasonable attorneys' fees. (Bauknight Decl., ¶ 8.)

## CONCLUSION

Based on the facts, reasoning, and authority set out above, the United States respectfully requests that the Court enter an order compelling Defendant to provide complete responses to the United States' First Interrogatories in Aid of Execution and First Requests for Production of Documents, including producing all documents requested and awarding the United States its reasonable expenses incurred in the making of this motion.

    Respectfully submitted,

    WILLIAM C. KILLIAN
    United States Attorney

By: *s/Suzanne H. Bauknight*
    SUZANNE H. BAUKNIGHT
    BPR #019293
    Assistant United States Attorney
    800 Market Street, Suite 211
    Knoxville, TN   37902
    (865) 545-4167
    Suzanne.Bauknight@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. A copy was sent by regular U.S. Mail to:

>Michael Herzberg
>P.O. Box 566
>Hixson, TN 37343

>*s/Suzanne H. Bauknight*
>Suzanne H. Bauknight
>Assistant United States Attorney